UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARKUS SINGLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-02322-JPH-MPB |
| | ) | |
| MARTIAL R. KNIESER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S UNDISPUTED MOTION FOR SUMMARY
JUDGMENT AND DIRECTING ENTRY OF FINAL JUDGMENT**

Markus Singleton brings an Eighth Amendment claim against Dr. Martial
Knieser based on allegations that Dr. Knieser was deliberately indifferent to the
hand injury that Mr. Singleton suffered while incarcerated at Pendleton
Correctional Facility. Dr. Knieser has asserted the affirmative defense that Mr.
Singleton failed to exhaust administrative remedies before filing suit, and he
seeks summary judgment on that basis. Because the undisputed facts show that
Mr. Singleton did not pursue the prison grievance process through its final stage,
Dr. Knieser's motion for summary judgment, dkt. [22], is **granted**, and this
action is **dismissed without prejudice**.

**I.
Standard of Review**

Parties in a civil dispute may move for summary judgment, which is a way
of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment
is appropriate when there is no genuine dispute as to any of the material facts,
and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v.*

1

*Middlebury Cmty. Sch.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Mr. Singleton did not respond to the summary judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).  The evidence designated by Dr. Knieser shows that Mr. Singleton failed to exhaust administrative remedies that were available to him so Dr. Knieser's motion for summary judgment is granted.

## II.
## Prison Litigation Reform Act and Exhaustion of Administrative Remedies

On a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Sys., Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). In this case, the substantive law is the Prison Litigation Reform Act (PLRA), which requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002) (citation omitted).

"To exhaust administrative remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (citing *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)). A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

"Because exhaustion is an affirmative defense," Dr. Knieser faces the burden of establishing that "an administrative remedy was available and that [Mr. Singleton] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake*, 578 U.S. 632, 642 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* (internal quotation omitted).

### III.
### Factual Background

Because Dr. Knieser has moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). Mr. Singleton has not responded to the summary judgment motion, so the Court

treats Dr. Knieser's supported factual assertions as uncontested. *See Hinterberger v. City of Indianapolis*, 966 F.3d 523, 527 (7th Cir. 2020); S.D. Ind. L.R. 56-1(b), (f).

While under Dr. Knieser's care, Mr. Singleton was a prisoner of the Indiana Department of Correction (IDOC) at Pendleton Correctional Facility. The IDOC maintains an Offender Grievance Process (OGP), which is an administrative remedy program designed to allow inmates "to express complaints and topics of concern for the efficient and fair resolution of legitimate offender concerns." Dkt. 24-6 at § II. Inmates can use the OGP to resolve concerns about "[a]ctions of individual staff, contractors, or volunteers" and "concerns relating to conditions of care or supervision within the" IDOC. *Id.* at § IV(A).

To exhaust the OGP, an inmate must complete four steps: (1) an initial attempt to resolve the problem informally with an appropriate staff member; (2) a formal, written grievance; (3) a written appeal to his facility's Warden; and (4) a second appeal to the IDOC's Department Grievance Manager. *Id.* at § V(A).

Dr. Knieser does not dispute that Mr. Singleton completed the first three steps of the OGP. Dkt. 23 at 2–3. He seeks summary judgment on grounds that Mr. Singleton failed to complete his second appeal.

An inmate completes the third step by writing an appeal on State Form 45473, stating the reasons for the appeal, and submitting it to the Offender Grievance Specialist. Dkt. 24-6 at § XI. The Warden writes a response directly on the appeal form and returns it to the Specialist, who forwards it to the inmate. *Id.*; dkt. 24-5.

If the inmate is unsatisfied with the Warden's response, he must submit a final appeal to the IDOC's Offender Grievance Manager. Dkt. 24-6 at § XII. The inmate does not complete a separate form for his second-level appeal. Rather, he checks a box at the bottom of the original appeal form, returned by the Warden, stating that he disagrees with the Warden's decision. *Id.* The inmate must submit the appeal form to the Specialist, with the pertinent box checked, within five business days of the Warden's response. *Id.* The Specialist must scan the updated form and any additional information into an IDOC grievance database and then transmit the documents to the Offender Grievance Manager. *Id.*

Mr. Singleton filed a grievance regarding medical care for his finger, and he completed an appeal dated November 18, 2020. Dkt. 24-5. Mr. Singleton's appeal is stamped "RECEIVED" and dated November 20, 2022. *Id.* The Warden dated his written response December 10, 2020. *Id.* The portions of the appeal form Mr. Singleton would have used to submit a second-level appeal are blank— the box where he would indicate disagreement with the Warden's decision is not checked. *Id.* The grievance database does not indicate that Mr. Singleton ever submitted a second-level appeal of that grievance. *See* dkt. 24-1 ¶¶ 13-15; dkt. 24-2; dkt. 24-5.

### IV.
### Discussion

Dr. Knieser has met his burden of establishing that "an administrative remedy was available." *Thomas*, 787 F.3d at 847. The OGP was in effect at

Pendleton, and Mr. Singleton used its first three steps to pursue relief for his finger injury.

Dr. Knieser has also met his burden of establishing that Mr. Singleton failed to pursue the OGP's remedies to exhaustion. The OGP consists of four steps. Dr. Knieser has presented evidence supporting the conclusion that Mr. Singleton utilized the first three steps but not the fourth. *See* dkt. 24-1 ¶¶ 13-15; dkt. 24-2; dkt. 24-5.

Because Mr. Singleton has not responded with contrary evidence, the Court cannot find otherwise.

The PLRA required Mr. Singleton to "comply strictly" with the OGP "by filing grievances and appeals as the rules dictate." *Reid*, 962 F.3d at 329. The undisputed evidence shows that Mr. Singleton did not file all the appeals the OGP's rules required. As a result, he may not pursue his claims here, and Dr. Knieser is entitled to judgment as a matter of law.

## V.
## Conclusion

Dr. Knieser's motion for summary judgment, dkt. [22], is **granted**. This action is **dismissed without prejudice**. *See Ford v. Johnson*, 362 F.3d 395, 401 ("[I]f the prisoner does exhaust, but files suit early, then dismissal of the premature action may be followed by a new suit that unquestionably post-dates the administrative decision. . . . [T]herefore . . . *all* dismissals under § 1997e(a) should be without prejudice.") (emphasis in original). The **clerk is directed** to enter final judgment consistent with this entry and the screening entry, dkt. 11.

**SO ORDERED.**

Date: 2/15/2023

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MARKUS SINGLETON
180059
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Douglass R. Bitner
Stoll Keenon Ogden PLLC
doug.bitner@skofirm.com

Sarah Jean Shores-Scisney
Stoll Keenon Ogden PLLC (SKO)
sarah.shores@skofirm.com